**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ARTHUR BALTHAZAR**
Reg. #05586-078                                                                                                **PLAINTIFF**

V.                                      No. 2:11CV00075 JMM-BD

**USA**, *et al.*                                                                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.     Background:**

Plaintiff Arthur Balthazar, an inmate housed at the Federal Correctional Institution in Forest City, Arkansas, filed this lawsuit pro se and is proceeding *in forma pauperis*. (Docket entries #1 and #2) Because Mr. Balthazar's original complaint was deficient, he was ordered to file an amended complaint.

In his original and amended complaints, Mr. Balthazar alleges that he was wrongfully terminated from his position at UNICOR, a prison industry system. He also claims that he was discriminated against based upon his race. Mr. Balthazar brings his claims under both the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). The remaining Defendants in this lawsuit are the United States of America and Captain Michael Breckon.

The Defendants have filed a motion for summary judgment, arguing that: (1) Mr. Balthazar's racial discrimination claim against Defendant Breckon fails as a matter of law; (2) Defendant Breckon is entitled to qualified immunity; and (3) the FTCA

claim fails as a matter of law.[1]  (#18)  Mr. Balthazar has responded to the motion for summary judgment.  (#27)

Based on the evidence presented, the Court recommends that the motion (#18) for summary judgment be granted.

**III.    Analysis:**

   A.    Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleadings and, by depositions, affidavits or otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) (internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")

---

[1] The Defendants also argue that the United States has not waived sovereign immunity with regard to Mr. Balthazar's wrongful termination claim.  The Court agrees. Mr. Balthazar has not alleged, nor can he prove that he can recover damages against the United States for such a claim unless he prevails under the FTCA.

If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex*, 477 U.S. at 322.

A.   Equal Protection Claim - Defendant Breckon

Mr. Balthazar's race discrimination claim is premised on the equal protection component of the Fifth Amendment that prohibits the government from invidiously discriminating between individuals or groups. *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693 (1954). "Although the fifth amendment does not contain an express 'equal protection' clause, it is [ ] settled that the concept of due process of law prohibits the federal government from discriminating against any person on such irrelevant and invidious grounds as race, color, religion, or national origin." *Johnson v. Alexander*, 572 F.2d 1219, 1220 (8th Cir. 1978)(relying upon *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976)). "Proof of discriminatory racial purpose is required to establish an equal protection violation; an official act is not unconstitutional solely because it has a racially disproportionate impact." *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987)(citing *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040(1976) and *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265-66, 97 S.Ct. 555 (1977)).

Here, Mr. Balthazar alleges that Defendant Breckon terminated five inmates, including himself, from their UNICOR employment as the result of an internal

investigation regarding contraband.  Apparently, contraband was being introduced into the facility through the "rear dock," which was close to Mr. Balthazar's work area. Although Mr. Balthazar was ultimately re-hired, he claims that Defendant Breckon discriminated against him, "in a racist manner and made the wrong administrative decision."  (#5 at p.7)

Mr. Balthazar has failed to present any evidence that similarly situated inmates of a different race were treated more favorably.  The undisputed evidence shows that two of the inmates who were terminated were Caucasian, one was Hispanic, and the other was African-American.  (#19-2)  Although other inmates located in the same area as Mr. Balthazar were apparently not terminated from UNICOR, the evidence shows that Mr. Balthazar was terminated, not based on his race, but rather because of his proximity to the rear deck.

To survive summary judgment, Mr. Balthazar would have to produce evidence from which a jury could reasonably find a racially discriminatory motive.  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (citing *Crawford-El v. Britton*, 523 U.S. 574, 600, 118 S.Ct. 1584 (1998)).  Here, Mr. Balthazar has failed to come forward with such proof. Accordingly, Defendant Breckon is entitled to judgment as a matter of law.  Mr. Balthazar's claims against Defendant Breckon should be DISMISSED, with prejudice.[2]

---

[2]  Because Mr. Balthazar's discrimination claim fails, the Court will not address Defendant Breckon's qualified-immunity argument.

B.     Unlawful Termination from UNICOR - Federal Tort Claims Act

Under the FTCA, 28 U.S.C. § 1346(b), the United States waives its sovereign immunity for certain torts committed by federal employees. *Eubank v. Kansas City Power & Light Co.*, 626 F.3d 424, 427 (8th Cir. 2010). Claims brought under the FTCA are governed by the substantive law of the state where the allegedly tortious acts occurred – in this case, Arkansas law. See 28 U.S.C. § 1346(b); *Johnson v. United States*, 534 F.3d 958, 963 (8th Cir. 2008); *Little White Man v. United States,* 446 F.3d 832, 835 (8th Cir. 2006).

Arkansas is an at-will employment state. *Magic Touch Corp. v. Hicks*, 99 Ark. App. 334, 335-36, 260 S.W.3d 322, 324 (2007). "[A]n at-will employee may be discharged for good cause, no cause, or even a morally wrong cause." *Smith v. American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683, 684 (1991). "Exceptions to the at-will employment doctrine exist where an employee is discharged for: (1) refusing to violate a criminal statute; (2) exercising a statutory right; or (3) complying with a statutory duty." *Posluns v. Education Management Corp.*, LLC  2010 WL 5346886, 2 (E.D. Ark. Dec. 21, 2010). Although Arkansas law also recognizes a cause of action for wrongful discharge when an employee is discharged in violation of a well-established public policy of Arkansas, that exception is "limited" and "does not protect 'private' or 'proprietary' interests." *Id*. (citing *Smith*, 804 S.W.2d at 684). A discharge violates public policy only when the basis for termination is "so repugnant to the general good as to deserve the label

6

'against public policy.'" *Id*. (quoting *Lucas v. Brown & Root, Inc.*, 736 F.2d 1202 (8th Cir. 1984). "Where a plaintiff does not identify the specific public policy that was violated but instead 'alleges the redress of a private wrong,'" he or she has not stated a claim for wrongful termination. *Id*. (quoting *Smith*, 804 S.W.2d at 685).

Here, Mr. Balthazar claims that he was wrongfully terminated from his employment with UNICOR, but he does not offer any evidence that this termination violated public policy; nor has he presented evidence that he was terminated for refusing to violate a criminal statute, exercising a statutory right, or complying with a statutory duty. Therefore, Mr. Balthazar has failed to create a material dispute of fact on this claim, so it fails as a matter of law.

In addition, as the Court noted in a previous Recommendation, Mr. Balthazar does not have a constitutionally protected liberty or property interest in participating in UNICOR. *Onwuazombe v. Dodrill*, 2008 WL 1758641, at *4 (S.D.N.Y. Apr.16, 2008) (citing *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995) for the proposition that prisoners do not have a constitutionally protected liberty or property interest in participating in UNICOR); *James v. Quinlan,* 866 F.2d 627, 629-30 (3d Cir. 1989); and *Garza v. Miller,* 688 F.2d 480, 485-86 (7th Cir. 1982)).

**IV.     Conclusion:**

The Court recommends that the motion for summary judgment (#18) be GRANTED and that Mr. Balthazar's claims be DISMISSED, with prejudice this 2nd day of November, 2011.

_____
UNITED STATES MAGISTRATE JUDGE